SAMUEL M. BURNSIDE *vs.* REJOICE NEWTON.

The direction in the Rev. Sts. c. 146, § 5, that proceedings, in suits pending when the former statutes were repealed, shall be conformed to the provisions of the Rev. Sts. extends to the case of *scire facias* against trustees.

On a *scire facias* against a trustee who was charged, by consent, on his answer in the original suit, he may make such additional answers, even respecting facts which existed at the time of the first answer, as may be necessary or proper for his defence. But where a trustee came in with such new answer, at a late period, and after costs had accumulated, it was received only upon terms, viz. that he should pay the costs of the *scire facias*, and take no costs thereon as the ultimately prevailing party.

SCIRE FACIAS. The defendant, on the 1st of March, 1836, was summoned as trustee, in a suit commenced by the plaintiff against D. T. Brigham. At the June term, 1836, of the court of common pleas, the defendant made his answer in said suit, and at the succeeding August term of said court, he was ordered to be discharged. From this order the plaintiff appealed, and brought the original action into this court, at the October term, 1836; and at the April term, 1837, the defendant was defaulted, and, as appeared by the record, was " charged by consent." Said Brigham was also defaulted, and execution issued against him and the defendant. It appeared, by the return of this execution, that demand was duly made on the defendant, and that he refused to expose any property of said Brigham, or otherwise to satisfy the execution.

Burnside *v.* Newton.

The present suit was commenced at the April term, 1838, of this court, when the defendant was permitted to make another answer, subject to the opinion of the whole court. At the October term, 1838, the defendant, made a further answer. At the present term, a still further answer was offered by the defendant, setting forth facts which existed at the time of the original answer.

*C. Allen,* for the plaintiff, argued that the second and third answers of the defendant, on the *scire facias,* could not be received; as the revised statutes were meant to extend only to the case of new facts that arise after a former answer.

*Newton, pro se.*

SHAW, C. J. Though the trustee attachment, in this case, was commenced before the revised statutes went into operation, yet by *c.* 146, § 5, future proceedings in suits pending were to be conformed to the provisions of those statutes. This has been held to apply to the case of *scire facias* against trustees. 21 Pick. 113, 114.

By the Rev. Sts. *c.* 109, § 41, trustees may be permitted to give new answers on the *scire facias,* and may show any matter necessary for their discharge. But when a trustee comes in at a late period to answer new matter, and puts his title to a discharge on new grounds, after costs have accumulated, the error or mistake, in not making the true answer sooner, must be deemed to be attributable to him; and his answer must be received on terms.

In the present case, the answer may be received on the defendant's paying the plaintiff the costs of the *scire facias,* and taking no costs of the same, to the present time, as the ultimately prevailing party.